ROBYN B. SOKOL - Bar No. 159506
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *rsokol@leechtishman.com*

Counsel for Plaintiff, Elissa D. Miller, Chapter 7 Trustee



FILED & ENTERED

FEB 02 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ABBEY SLOTKIN,<br><br>Debtor. | CASE NO.: 2:20-bk-12042-BB<br><br>Adv. No. 2:20-ap-01672-BB<br><br>**Chapter 7** |
| ELISSA D. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>SLOTKIN DEFECTIVE TRUST OF DECEMBER 14, 2012; SLOTKIN DEFECTIVE TRUST OF APRIL 12, 2010; INTENTIONALLY DEFECTIVE SLOTKIN FAMILY CHILDREN'S TRUST DATED JANUARY 1, 1997; SAVANNAH SLOTKIN; LOREN MARKEN AS TRUSTEE OF SLOTKIN DEFECTIVE TRUST OF DECEMBER 14, 2012;  LOREN MARKEN AS TRUSTEE OF SLOTKIN DEFECTIVE TRUST OF APRIL 12, 2010; LOREN MARKEN AS TRUSTEE OF THE INTENTIONALLY DEFECTIVE SLOTKIN FAMILY CHILDREN'S TRUST DATED JANUARY 1, 1997; TO BE NAMED TRUSTEE[1] OF SLOTKIN DEFECTIVE TRUST OF APRIL 12, 2010; TO BE NAMED TRUSTEE OF SLOTKIN DEFECTIVE TRUST OF | **ORDER DENYING DEFENDANTS' MOTION TO STAY THE COURT'S DECEMBER 21, 2021 ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING APPEAL OF THE COURT'S ORDER**<br><br><u>Hearing</u><br><br>Date: January 27, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>The Edward Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California |

---

[1] Loren Marken, the trustee for the Slotkin Defective Trust of December 14, 2012, Slotkin Defective Trust of April 12, 2010 and Intentionally Defective Slotkin Family Children's Trust Dated January 1, 1997 passed on or about September 9, 2020.  Substitute trustees have not been designated for the trusts.

1

4873-4209-8187, v. 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

DECEMBER 14, 2012; TO BE NAMED TRUSTEE OF INTENTIONALLY DEFECTIVE SLOTKIN FAMILY CHILDREN'S TRUST DATED JANUARY 1, 1997; ROBERT MAYMAN; 17841 PALORA MANOR LLC; 14257 CHANDLER MANOR LLC; 748 DETROIT MANOR LLC; MARK ABBEY SLOTKIN,

Defendant.

On January 27, 2022 at 10:00 a.m., the hearing on the *Defendants' Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order* [Adv. Docket No. 218]("Motion") came on for hearing, the Honorable Sheri Bluebond, United States Bankruptcy Court Judge, presiding. Robyn B. Sokol of Leech Tishman appeared on behalf of the Elissa D. Miller, the duly appointed and acting chapter 7 trustee in the above captioned matter and plaintiff ("Trustee" and "Plaintiff"). Jon H. Freis of Law Offices of Jon H. Freis appeared on behalf of the above captioned defendants ("Defendants") including Mark Abbey Slotkin ("Debtor"). All other appearances are as indicated in the recorded transcript of the hearing on the Motion.

The Court considered the arguments of counsel, the record in the above captioned adversary proceeding, the record in the bankruptcy case and the following pleadings: (1) Motion; (2) *Request for Judicial Notice in Support of Defendants' Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order* [Adv. Docket No. 219]; (3) *Declaration of Mark Slotkin in Support of Defendants' Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order* [Adv. Docket No. 220]; (4) *Opposition of Chapter 7 Trustee To Defendants' Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order* [Adv. Docket No. 230]("Opposition"); and (5) *Reply in Support of Defendants' Motion to Stay the Court's December 21, 2021 Order*

4873-4209-8187, v. 1

*Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order* [Adv. Docket No. 231].

The Court set forth the grounds for its ruling on the record at the hearing and in its tentative ruling which is adopted herein and attached hereto as Exhibit 1 as its final ruling ("Ruling"). At the hearing the Court made findings with respect to the Motion and pointed out several misunderstandings and misconceptions of the Defendants with respect to the Court's ruling on the Trustee's Motion for Partial Summary Judgment [Adv. Docket No. 143] ("Summary Judgment Motion") including the following:

1.  The Court did not rely on the findings made by the Superior Court of California in the divorce proceedings in reaching its decision to grant the Summary Judgment Motion on the First and Eighth Claims in the Complaint.[2] The Court made its own independent findings based on the evidence presented;

2.  The record demonstrates that there was commingling between the Debtor and the Trusts and the Debtor and the LLCs and that the revenues generated from the operations of the rental properties owned by the LLCs covered the Debtor's personal living expenses including the expenses associated with residing at the Appian Way Property;

3.  Even if Savannah Slotkin benefits from the Assets, this does not mean that the Debtor is not receiving benefits from the Assets and making all decisions regarding the Assets;

4.  While the Court did not initially reach the issue of whether the alter ego doctrine applied, after further argument, the Court determined that the Debtor was the alter ego of the Trusts, LLCs and Antiquarian;

5.  The Court never made a finding, or even a tentative finding, that the Debtor is *not* the alter ego of the Trusts, the LLCs and Antiquarian;

---

[2] All initial capitalized terms not defined herein shall have the meaning ascribed to them in the *Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment* [Adv. Docket No. 201], a true and correct copy of which is attached to the Opposition as Exhibit 2.

4873-4209-8187, v. 1

6. There is no dispute that, regardless of the language of each of the applicable trust agreements, the Debtor was the only party in control of the Assets and made all decisions concerning the management and disposition of Assets held by the Trusts;

7. The Debtor holds an equitable interest in the Trusts because he exercised complete control over the Trusts and the Assets of the Trusts and received benefits from those Assets, whenever and to whatever extent he pleased;

8. While the Trusts agreements provide for an independent trustee, the actual undisputed facts demonstrate that there was never an independent trustee and that, at all relevant times, the Debtor retained control over the Assets and made all decisions regarding the Assets and benefitted from the Assets, and, as such, the Debtor holds an equitable interest in the Trusts and the Assets held by the Trusts;

9. The undisputed facts are that the Debtor has all of the incidents of ownership except naked legal title. Thus, he has an equitable interest in the Assets, and these Assets are property of the Estate;

10. Savannah Slotkin received due process as she is a party to this action, was served with all papers and was at all relevant times represented by counsel in the above captioned adversary proceeding;

11. The Court made findings of alter ego and did not rely solely on its finding of equitable ownership in granting the Trustee's Motion for Summary Judgment with respect to the First and Eighth Claims for Relief contained in the Complaint;

12. The Defendants have not established even a reasonable likelihood let alone made a strong showing that they will prevail on appeal;

13. The Defendants have failed to demonstrate that any of the four factors set forth in *Nken v. Holder*, 556 U.S. 418 (2009) weigh in favor of imposing a stay pending appeal in this case;

14. The Defendants will not suffer irreparable injury if a stay pending appeal is not issued;

15. The Defendants will suffer no injury that cannot be remedied by money;

16. The interests of creditors and the estate will be injured if a stay is granted;

4

4873-4209-8187, v. 1

17. Leaving the Debtor in control of the Assets pending the outcome of an appeal will permit the debtor to dissipate assets of the estate to the detriment of the Debtor's creditors;

18. The public interest does not weigh in favor of granting a stay pending appeal;

19. The Trustee is a fiduciary of creditors of the Estate and as such has a duty to protect the interests of all creditors;

20. The administration of the Assets is subject to Bankruptcy Court approval; and

21. The fact that the Debtor will not be able to continue to dissipate assets of the estate for his personal expenses does not mean that the public interest will be harmed if a stay pending appeal is not granted.

Based upon the foregoing and as set forth on the record at the hearing and in the Ruling, **IT IS HEREBY ORDERED** that the Motion is **DENIED in its entirety.**

####

Date: February 2, 2022

Sheri Bluebond
United States Bankruptcy Judge

4873-4209-8187, v. 1

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**                                                                                            **Hearing Room    1539**

**10:00 AM**
**2:00-00000**                                                                                                                                        **Chapter**

#0.00   **All hearings scheduled for today are now simultaneously 1) In person in Courtroom 1539; 2) Via ZoomGov Video; 3) Via ZoomGov Audio. Parties are free to choose any of these options, unless otherwise ordered by the Court. Parties electing to appear in person shall comply with all requirements regarding social distancing, use of face masks, etc. which will be in effect at the time of the hearing and should be aware that (1) all parties will be required to wear a mask at all times, even when presenting oral argument and (2) Judge Bluebond will not be wearing a mask.**

Parties in interest and members of the public may connect to the video and audio feeds, free of charge, using the connection information provided below.

Individuals may participate by ZoomGov video and audio using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device (such as an iPhone or Android phone). Individuals may opt to participate by audio only using a telephone (standard telephone charges may apply).

Neither a Zoom nor a ZoomGov account is necessary to participate and no pre-registration is required **but you must still notify Chambers at Chambers_SBluebond@cacb.uscourts.gov of your appearance**. The audio portion of each hearing will be recorded electronically by the Court and constitutes its official record.

For more information on appearing before Judge Bluebond by ZoomGov, please see the information on the Court's website at:
https://www.cacb.uscourts.gov/judges/honorable-sheri-bluebond under the tab, "Telephonic Instructions."

**Hearing conducted by ZOOMGov.**
**Video/audio web address:** https://cacb.zoomgov.com/j/**16161090855**
**ZoomGov meeting number: 161 6109 0855**
**Password: 148508**

**Telephone conference lines:** 1 (669) 254 5252 or 1 (646) 828 7666
(when prompted, enter meeting number and password shown above)

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room　　1539**

<u>10:00 AM</u>
**CONT...**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Chapter**

　　　　　　　　　　　　　　　Docket　　　0

**Courtroom Deputy:**
　- NONE LISTED -

**Tentative Ruling:**
　- NONE LISTED -

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**                                              Hearing Room    1539

**10:00 AM**
**2:20-12042    Mark Abbey Slotkin**                                                   Chapter 7
Adv#: 2:20-01672    Miller v. SLOTKIN DEFECTIVE TRUST OF DECEMBER 14, 2012 et al

#1.00    Defendants' Motion to Stay the Court's December 21, 2021 Order Granting in Part and Denying in Part Trustee's Motion for Partial Summary Judgment Pending Appeal of the Court's Order
**[OST]**

Docket    221

**Courtroom Deputy:**

ZoomGov Appearance by:

1/20/22 -  Jeffrey Goldman

1/26/22 - Elissa Miller

1/26/22 - Robyn Sokol

**Tentative Ruling:**

Parties agree as to the relevant standard here, but disagree as to the application of the facts to the law.  Both parties agree that, to decide whether to issue a stay pending appeal, the court should consider the following four factors:  (1) whether the stay applicant has made a strong showing that he is likely to succed on the merits of his appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.

Debtor's contention that he is likely to prevail on the merits of his appeal is premised on a number of misunderstandings and misconceptions, both as to the applicable law and the findings made by the court to date:

1.  The court did not rely on findings made by the superior court in the divorce proceedings.  The court made its own independent findings.

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**　　　　　　　　　　　　　　　　　　　　　　**Hearing Room**　　**1539**

10:00 AM
**CONT...**　　**Mark Abbey Slotkin**　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 7**

2.  The court did make a finding of alter ego and did not rely solely on its finding of equitable ownership.  It is not unheard of to do so in response to a motion for summary judgment when, as here, the facts upon which the finding is made are undisputed.  The fact that this is a factual inquiry that usually does not get resolved by way of a summary judgment motion does not mean that it cannot be resolved by way of summary judgment when there is no genuine issue of material fact.

3.  There is no substantial factual dispute as to whether or not the LLCs pay the debtor's personal expenses.  All of his living expenses are paid by the LLC.  The fact that the LLCs may also pay business expenses or that some of the debtor's personal expenses also benefit the beneficiary is not the point.  There is no dispute whatsoever that, regardless of the language of the applicable trust agreements, the debtor is the only person in control of all of the assets.  He makes all of the decisions as to what is or is not spent.  He is the only person with actual authority to control the trusts and their assets and he spends them as he sees fit whenever and in whatever amounts he pleases for whatever purpose he pleases.  Merely saying that there is a factual dispute as to whether the LLCs pay the debtor's personal expenses does not make it so.  ALL of the evidence offered in support of or in opposition to the motion showed that the debtor's expenses are paid by/from the trusts or their assets.  No evidence was offered to show that the debtor's personal expenses are paid from any other source.

Therefore, the court is not persuaded that the debtor has established even a reasonable likelihood, let alone made a strong showing that he is likely to prevail on appeal or that any of the other factors weigh in favor of imposing a stay pending appeal in this case.

The fact that an appeal may be rendered moot is not by itself irreparable injury.  The trusts are in the business of buying and selling real property.  How does the sale of any of the trust's assets constitute irreparable injury?  Why isn't this the sort of injury that could be remedied by a monetary judgment?

The interests of creditors and the estate will be injured if a stay is granted. Leaving the debtor in control of the assets of the trust pending the outcome of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**                                                                 **Hearing Room    1539**

**10:00 AM**
**CONT...        Mark Abbey Slotkin**                                                                                    **Chapter 7**

an appeal will permit the debtor to dissipate assets of the estate to the detriment of creditors.  Debtor has not turned over any of the funds in bank accounts of Clover Industrial Properties, has refused access to the warehouse, etc.  Debtor continues to utilize assets of the estate for his own personal benefit.  Existing injunction does not prevent debtor from expending funds received by the trusts or the LLCs for improper purposes.  The only funds currently locked up are the remaining proceeds of a single sale.

The public interest does not weigh in favor of a stay.  The fact that the debtor will not be able to continue to dissipate assets of the estate for his personal expenses does not mean that the public interest will be harmed.  If the trustee determines that there is a business that can be profitably operated, the trustee can continue to employ people to run it.  If the business cannot be run profitably, it is not in anyone's interest to continue operating businesses at a loss.

Deny motion.

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Mark Abbey Slotkin | Represented By<br>Leslie A Cohen<br>Jon H Freis |

**Defendant(s):**

| | |
|---|---|
| MARK ABBEY SLOTKIN | Represented By<br>Jon H Freis |
| 748 DETROIT MANOR LLC | Represented By<br>Jon H Freis |
| 14257 CHANDLER MANOR LLC | Represented By<br>Jon H Freis |
| 17841 PALORA MANOR LLC | Represented By<br>Jon H Freis |
| Robert  Mayman | Represented By<br>Jon H Freis |

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Sheri Bluebond, Presiding
Courtroom 1539 Calendar

**Thursday, January 27, 2022**                                                                 Hearing Room   1539

<u>10:00 AM</u>
**CONT...**     **Mark Abbey Slotkin**                                                                              Chapter 7

| | |
|---|---|
| TO BE NAMED TRUSTEE OF | Represented By<br>Jon H Freis |
| TO BE NAMED TRUSTEE OF | Represented By<br>Jon H Freis |
| TO BE NAMED TRUSTEE OF | Represented By<br>Jon H Freis |
| LOREN MARKEN AS TRUSTEE | Represented By<br>Jon H Freis |
| LOREN MARKEN AS TRUSTEE | Represented By<br>Jon H Freis |
| LOREN MARKEN AS TRUSTEE | Represented By<br>Jon H Freis |
| SAVANNAH SLOTKIN | Represented By<br>Jon H Freis |
| INTENTIONALLY DEFECTIVE | Represented By<br>Jon H Freis |
| SLOTKIN DEFECTIVE TRUST OF | Represented By<br>Jon H Freis |
| SLOTKIN DEFECTIVE TRUST OF | Represented By<br>Jon H Freis |

**Plaintiff(s):**

Elissa Miller                                                        Represented By
                                                                     Robyn B Sokol

**Trustee(s):**

Elissa Miller (TR)                                                   Represented By
                                                                     Robyn B Sokol
                                                                     Jessica Wellington